WILLIAMS, J.
—We are of the opinion that the proper construction of the statute is that the court shall direct the recovery of costs only in a case where an offer could have been made, but was not made. It does not seem to us that the legislature intended that the plaintiff should be charged with costs for not making an offer which, under the stature, it had no right tamake. *596 The obvious intention is to provide indemnity to the owner who has been subjected to the expense of an investigation, in case,of a failure to make the preliminary offer, and thus to give an opportunity to the owner to accept such offer and convey the property, without the institution of the proceedings. Where, however, there is a legal disability to convey, not only is an offer not provided for by the statute, but it would be an ideal ceremony, and of no avail, even if it could be made, and therefore the whole reason for charging plaintiff with costs fails. It is claimed that the supreme court in this department has allowed costs in one case, and disallowed them in another case, where precisely' this condition of things existed. In neither of these cases, however, was the question fully considered or deliberately passed upon. We now feel compelled to give the construction to the statute here stated, and tó hold that the adult defendants in this case are not entitled to costs.
The order appealed from should he affirmed, with costs.
All concur.